

**FILED**
**Jan 09, 2019**
**07:50 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **STEPHANIE BRYANT,** | ) | **Docket No. 2018-05-0187** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **FRITO LAY, INC.,** | ) | **State File No. 5177-2016** |
| **Employer,** | ) | |
| **and** | ) | |
| | ) | |
| **AGRI GENERAL INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

### COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court on January 8, 2019, on Frito Lay's Motion for Summary Judgment. The central legal issue is whether Frito Lay is entitled to summary judgment on grounds that Ms. Bryant failed to present sufficient evidence of causation, an essential element of her claim. For the reasons below, the Court holds Frito Lay is entitled to summary judgment.

### Procedural History

Ms. Bryant suffered a work injury on January 18, 2016. Frito Lay accepted the injury as compensable and provided medical treatment for her neck and shoulder pain. Ms. Bryant saw several doctors, including Dr. Robert Weiss, a neurosurgeon who evaluated her cervical problems. Ms. Bryant acknowledged that Dr. Weiss was an authorized provider, but contended that the panel from which he was selected was invalid because it only included two doctors.

Frito Lay denied Ms. Bryant's request for another panel, so she began treating on her own with Dr. Jason Hubbard. He noted a prior fusion at C4-5 and diagnosed severe stenosis at C3, which was compressing the spinal cord. Dr. Hubbard performed a C3 corpectomy and a C2 to C4 fusion with an expandable cage.

1

Following an Expedited Hearing, the Court entered an order denying additional medical benefits.  Specifically, the Court held that Ms. Bryant did not establish her injury arose primarily out of her employment or that it contributed more than fifty percent to her need for medical treatment.  *See* Tenn. Code Ann. § 50-6-102(14)(A), (C) (2018).

Frito Lay filed this Motion for Summary Judgment along with a statement of undisputed facts.  Ms. Bryant did not file a response to the motion.  The Court heard the Motion telephonically on January 8, 2019.  Ms. Bryant did not call.

## Frito Lay's Motion

Frito Lay filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03.  The dispositive material facts were:

1. Ms. Bryant's work accident occurred on January 18, 2016.
2. Ms. Bryant had pre-existing cervical symptoms beginning in 1995.
3. Ms. Bryant underwent a cervical fusion at L5-6 in 2000.
4. Ms. Bryant re-injured her neck in 2006.
5. Ms. Bryant was receiving periodic care for her neck symptoms in 2014 and 2015, four months before her work injury of January 18, 2016.
6. Dr. Weiss opined that, "any pathology noted on [Ms. Bryant's] imaging studies, structural and anatomic, was present several years before her work injury."
7. Concerning Ms. Bryant's cervical complaints, Dr. Weiss opined: "I do not see any issues that are current, that are neurosurgical and related to this latest work injury."

Frito Lay contended those facts supported summary judgment because they constitute affirmative evidence that Ms. Bryant cannot establish essential elements of her claim.  Specifically, it argued she cannot prove her claimed medical expenses are reasonable and necessary, nor can she prove that her alleged injury arose primarily from her employment.  It cited *Payne v. D and D Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21 (May 4, 2016), for the proposition that summary judgment is appropriate when an employee fails to produce expert medical proof of causation that counters an employer's proof to the contrary.

As noted above, Ms. Bryant did not appear for the hearing.  Further she did not offer any medical evidence to oppose the motion or ask for an extension of time to obtain additional evidence.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Frito Lay must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Frito Lay is successful in meeting this burden, the nonmoving party – Ms. Bryant – must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Rye*, at 265.

Ms. Bryant filed no response opposing Frito Lay's properly-supported motion for summary judgment, and she failed to meet the technical requirement of Rule 56 by responding to Frito Lay's statement of undisputed material facts. Therefore, the Court finds the motion and the facts are undisputed. The issue then is whether under Rule 56.06 summary judgment is "appropriate."

Considering the merits of the Frito Lay's motion, the Court finds it successfully negated the essential element of medical causation. Under Tennessee Code Annotated section 50-6-102, Ms. Bryant must prove her injury arose primarily out of her employment or that her work contributed fifty percent or more to her need for medical treatment. Dr. Weiss unequivocally concluded that Ms. Bryant's current neck problems did not arise out of her work injury but instead resulted from a pre-existing condition. This is sufficient to refute Ms. Bryant's allegation that her neck condition and her need for surgery arose primarily out of her employment.

In responding to Frito Lay's motion, Ms. Bryant must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [her] favor[.]" *Rye,* at 265. Further, she must do more than simply offer hypothetical evidence; she must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of her workers' compensation claim. *Id.* Ms. Bryant failed to meet this burden, as she offered no countervailing evidence and produced no material facts to lead the Court to find in her favor.

Thus, there is no genuine issue of material fact, and the Court holds Frito Lay is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Frito Lay's Motion for Summary Judgment is granted, and Ms. Bryant's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3.  The Court taxes the $150.00 filing fee to Frito Lay under Tennessee Compilation Rules and Regulations 0800-02-21-.07 payable to the Clerk within five days of this order becoming final.

4.  Frito Lay shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED January 9, 2019.**


_____
*Dale Tipps*
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on January 9, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Stephanie Bryant | | | X | uniquelybusiness@yahoo.com |
| John R. Lewis, Esq. Employer Attorney | | | X | john@johnlewisattorney.com |


_____
**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___ .

[Signature of appellant or attorney for appellant]      _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas              $ _____ per month    Child Care      $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____)

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe: _____

11. My debts are:

Amount Owed              To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                          RDA 11082